IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIAM LARRY HOLLAND and
KATHY JO HOLLAND                                                       PLAINTIFFS


VERSUS                                       CIVIL ACTION NO. 1:08-CV-1360-KS-MTP


BILLY HEWES,
BILLY HEWES INSURANCE AGENCY, LLC;
REGIONS BANK D/B/A REGIONS MORTGAGE;
SAFECO FINANCIAL INSTITUTION SOLUTIONS;
CERTAIN UNDERWRITERS AT LLOYD'S, LONDON;
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY;
and JOHN AND JANE DOES A, B, C, D, E, F, G                             DEFENDANTS


## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion to remand [Doc. #14] (November 21, 2008) filed by Plaintiffs William Holland and Kathy Holland. The motion is opposed by Defendants Safeco Financial Institution Solutions ("Safeco") [Doc. #25] (December 30, 2008), Regions Bank d/b/a Regions Mortgage ("Regions") [Doc. #26] (December 30, 2008), Nationwide Mutual Fire Insurance Company ("Nationwide") [Doc. #27] (December 30, 2008), Billy Hewes [Doc. #27], and Billy Hewes Insurance Agency, LLC ("Billy Hewes Insurance") [Doc. #27]. For reasons to follow, the motion to remand should be **granted**.


## I. BACKGROUND

Although the parties have vigorously argued numerous bases for and against remand, the Court deems dispositive the issue of procedural defect. Consequently, the Court need not

address in detail the underlying facts of the case nor the other arguments raised by the parties.

The Plaintiffs filed suit in Mississippi state court on August 28, 2008. The Plaintiffs enacted service on Nationwide on September 26, 2008. Pl.s' Ex. 1 [Doc. #14-2] (November 21, 2008). Defendants Certain Underwriters at Lloyd's London ("Lloyd's") and Regions were served on September 30, 2008. Pl.s' Ex. 2-3 [Doc. #14-2]. Defendants Billy Hewes and Billy Hewes Insurance were served on October 7, 2008. Pl.s' Ex. 4-5 [Doc. #14-2]. Defendant Safeco was served on October 10, 2008. [Doc. #3] (October 29, 2008).

Nationwide removed the action to federal court on October 24, 2008, within 30 days of receiving service. *See* Notice of Removal [Doc. #1]. Billy Hewes and Billy Hewes Insurance joined in the removal on the day it was removed. [Doc. #2] (October 24, 2008). The remaining Defendants also joined in the removal. However, each of the remaining Defendants joined in the removal after more than 30 days had elapsed after Nationwide was first served with the state court complaint. *See* [Doc. #5] (October 30, 2008) (Regions); [Doc. #7] (October 30, 2008) (Lloyd's); [Doc. #11] (November 14, 2008) (Safeco).

## II. STANDARD OF REVIEW

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see* 28 U.S.C. § 1441(a). "The removing party bears the burden of showing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statutes are to be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996).

## III. APPLICATION AND ANALYSIS

The Plaintiffs contend that the Defendants' removal to federal court was procedurally defective because Defendants Safeco, Lloyd's, and Regions failed to join in the removal until more than 30 days had elapsed from the date on which Defendant Nationwide was served. 28 U.S.C. § 1446(b), which governs the time-period for removal, states in part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

The United States Court of Appeals for the Fifth Circuit has adopted the "first-served defendant rule." *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986). Consequently, "[i]n cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served . . . [and] all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served." *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262-63 (5th Cir. 1988). The 30-day deadline set forth in § 1446(b) is not jurisdictional, but is nonetheless "mandatory and therefore strictly construed." *Alfonso v. Military Dep't*, No. 07-3778 C/W 07-3867, 2007 U.S. Dist. LEXIS 84984, *16 (E.D.La. Nov. 15, 2007) (citing *Getty Oil Corp.*, 841 F.2d at 1263); *accord Harden v. Field Mem. Cmty. Hosp.*, 516 F. Supp. 2d 600, 606 (S.D.Miss. 2007) ("District courts have no power to overlook procedural errors relating to the notice of removal . . . .").

Here, the Plaintiffs served Defendant Nationwide first, enacting service on September 26, 2008. Consequently, for removal in this case to have been procedurally proper each of the Defendants needed to join in the removal no later than October 26, 2008. It is undisputed that Defendants Safeco, Regions, and Lloyd's each joined in the removal more than 30 days after

3

Nationwide was served.[1]  As a result, the removal in this case was procedurally deficient and this Court is obligated to remand the case to state court.

The Defendants argue that adherence to the first-served defendant rule would be improper in this case.  They contend that the Fifth Circuit has not endorsed "rigid" application of the rule.  Indeed, the Defendants note that "in the two decades since [the court decided *Getty Oil Corp.*], the Fifth Circuit . . . . has not once applied the 'first served' rule of timing to find a removal petition defective."  Def.s' Br. at 6 [Doc. #28].  Moreover, they contend that applying the rule in this case would be unfair because Nationwide made "good faith efforts to coordinate timely joinders of removal."  *Id.* at 8.  Finally, the Defendants emphasize the fact that the United State Court of Appeals for other circuits have rejected the first-served defendant rule.  Def.s' Br. at 7 [Doc. #28] (citing *McKinney v. Bd. of Tr. of Maryland Cmty. College*, 955 F.2d 924, 928 (4th Cir. 1992); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999); *Marano Enters. of Kan. v. Z-Teca Rests.*, 254 F.3d 753, 755-57 (8th Cir. 2001); *Bailey v. Janssen Pharma., Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008)).  The Defendants arguments are without merit.

---

[1] Safeco argues that it was never properly served with process and was therefore not obligated to join in the removal within 30 days of service on the first-served Defendant. Safeco's Br. at 2-3 [Doc. #25] (December 30, 2008).  Even assuming this argument is meritorious, the Court's decision to remand the case remains the same.  Neither of the other late joining Defendants has alleged or established similar defects in their service of process.  Thus, even if the timing of Safeco's joinder is irrelevant, the tardiness of the joinders of Regions and Lloyd's remains determinative.

Several of the Defendants argued for the first time in their supplemental memorandum that the claims against Lloyd's, Safeco, and Regions had been misjoined with the claims against the other Defendants.  *See* Def.s' Supp. Br. at 21 [Doc. #41] (Apr. 21, 2009).  Because the Defendants could have raised this argument previously – for example in the notice of removal and/or in the Defendants' original memorandum in opposition – but did not, the Court deems the argument waived and will not address it.

The first-served defendant rule remains binding law in this circuit. *See Getty Oil Corp.*, 841 F.2d at 1262-63 ("all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served"); *see also, e.g.*, *Air Starter Components v. Molina*, 442 F. Supp. 2d 374, 380 (S.D.Tex. 2006) ("The Fifth Circuit's opinions setting out the first-served rule are binding on this court."). The views of the courts outside this circuit are merely persuasive authority; they certainly do not trump binding Fifth Circuit precedent. Indeed, the district courts in this circuit have consistently followed Fifth Circuit precedent and applied the first-served defendant rule even though the rule has engendered criticism outside the circuit. *See, e.g.*, *Best v. Albritton*, No. 1:07-CV-663, 2007 U.S. Dist. LEXIS 56522, *2-3 (S.D.Miss. Aug. 2, 2007)*; Li Bin Chen v. Mitsubishi Heavy Indus. Am.*, No. G-08-238, 2009 U.S. Dist. LEXIS 17392, *3 (S.D.Tex. Mar. 4, 2009); *Dupree v. Torin Jacks, Inc.*, No. 08-CV-16482009, U.S. Dist. LEXIS 11267, *2 (W.D.La. Feb. 12, 2009); *Noto v. Daimler Chrysler Corp.*, No. 07-3003, 2008 U.S. Dist. LEXIS 16092, *13 (E.D.La. Mar. 3, 2008). In sum, this Court is not empowered to eschew the first-served defendant rule for any of the reasons the Defendants urge.

The Fifth Circuit has recognized an exception to the first-served defendant rule, however, and the Defendants contend that the exception applies in this case. In *Getty Oil Corp.*, the court indicated that "exceptional circumstances might permit removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served." 811 F.2d at 1263 n.12 (quoting *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986)). Although the *Getty Oil Corp.* court provided little assistance regarding what circumstances would be deemed sufficiently exceptional, several other cases provide guidance. In *Brown v. Demco Inc.*, the Fifth Circuit indicated that the exception may apply in those circumstances in which a plaintiff knew

5

that an entity "was a proper defendant within the thirty day time limit but delayed naming it as a defendant in a bad faith effort to prevent removal." 792 F.2d at 482. In *Gillis v. Louisiana*, the court analyzed whether the exception should apply where the defendant – the Board of River Port Pilot Commissioners and Examiners ("the Board") – had failed to formally authorize the consent to removal which had been filed within the 30-day time period. 294 F.3d at 758. The court noted the following facts: "the Board attempted to schedule a meeting prior to the expiration of the removal period [to formally authorize joinder in the removal], that the chairman of the Board was also a plaintiff in the case, that [the person who had filed the joinder in removal] was informally authorized and filed an otherwise proper consent, and that the Board ultimately ratified [his] conduct." *Id.* at 759. In light of those unique circumstances, the court held that the equitable exception applied. *Id.*

Here, each of the Defendants was named in the original state court complaint. Moreover, each Defendant was served with process no later than October 10, 2008, leaving more than two weeks to coordinate unanimous removal to federal court. However, the Defendants argue that exceptional circumstances exist because Nationwide's counsel made "all efforts it could reasonably be expected to make in advance of [the] deadline" but was unable to obtain joinders from the other Defendants. Def.s' Br. at 8 [Doc. #28]. The Defendants contend that counsel for Nationwide obtained the state court record but found not indication as to whether any of the other defendants had been served with process.[2] The Defendants further contend that Nationwide's counsel went on to search the federal electronic database to determine whether the

---

[2] The Plaintiffs have produced evidence that by October 10, 2008, the state court record indicated that each of the Defendants had been served with process. [Doc. #31-2] (January 19, 2009).

other Defendants had retained counsel, but was nonetheless unable to timely coordinate a procedurally proper removal.

While counsel appears to have taken reasonable steps to coordinate timely joinders of removal, that fact does not render the circumstances in this case exceptional. This Court follows those courts which have taken a relatively "demanding view" of exceptional circumstances. *See Dupree v. Torin Jacks, Inc.*, No. 08-CV-1648, 2009 WL 366332, *3-5 (W.D.La. Feb. 12, 2009) (citing *Forman v. Equifax Credit Inf. Servs., Inc.*, No. 97-431, 1997 WL 162008 (E.D.La. 1997)). In *Dupree v. Torin Jacks, Inc.*, the court embraced the view – formerly expressed by Judge Clement – that the concept of exceptional circumstances generally requires a justification for belatedness akin to "bad faith or forum manipulation." *Id.* The court further noted that there are "frequent situations when one or more defendants have been served . . . yet evidence of that service is not immediately present in the record." *Id.* at 5. The court held that the absence of proof of service in the record can be taken into account, but, "standing alone, does not automatically equal exceptional circumstances." *Id.* This Court agrees.

While Nationwide bemoans the fact that it should not be penalized for "circumstances entirely out of its control," Def.s' Br. at 8 [Doc. #28], the laws governing removal can often be harsh for defendants seeking a federal forum. The first-served defendant rule in conjunction with the allowance of a mere 30 days for removal under § 1446(b) will create situations in which defendants who wish to remove will be unable to do so despite good faith efforts. The Fifth Circuit decided that the risk of such an eventuality was insufficiently serious to merit rejecting the first-served defendant rule. *C.f. Brown*, 792 F.2d at 482 (rejecting criticism that the first-served defendant rule is unfair); *see also Caillouet Land Corp. v. Chevron Pipe Line Co.*, No.

7

06-10533, 2007 U.S. Dist. LEXIS 48364, *13 (E.D.La. 2007) ("The Fifth Circuit has declared the importance of following the general 'first served' rule, regardless of its potential unfairness."). Accordingly, this Court is bound to apply the first-served defendant rule and therefore concludes that removal in this case was procedurally deficient. Because no exceptional circumstances exist in this case, the matter is remanded to state court.

## IV. CONCLUSION

The first-served defendant rule remains binding law in the Fifth Circuit. Applying that rule, it is clear that removal in this case was procedurally deficient. Because the Defendants have failed to establish the existence of exceptional circumstances, the remand of the case is mandatory.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Plaintiff's motion to remand [Doc. #14] is **granted**.

SO ORDERED AND ADJUDGED on this, the 23rd day of July, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE